# Exhibit A

# Pretsfelder Affidavit

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

NEWBURY OPERATING LLC,

                  Alleged Debtor.

Chapter 7

Case No. 20–12976 (JLG)

**AFFIDAVIT OF PETER PRETSFELDER IN SUPPORT OF**
**MOTION FOR APPOINTMENT OF INTERIM CHAPTER 7 TRUSTEE**

STATE OF NEW YORK        ss.:

COUNTY OF NEW YORK

**Peter Pretsfelder**, being duly sworn, deposes and says:

1. I am employed by Charles H. Greenthal Mgmt Corp., the managing agent of petitioning creditor 250 E. 87 Owners Corp. (the "**Co-Op**"), am personally familiar with the facts and circumstances set forth below and submit this affidavit in support of the Co-Op's motion for the appointment of an interim trustee (the "**Trustee Motion**").[1]

2. The controversy between Newbury Operating LLC ("**Newbury**" or the "**Alleged Debtor**") and the Co-Op arises from Newbury's failure to pay rent and additional rent pursuant to the terms and conditions of the lease between the Co-Op, as landlord, and Newbury, as tenant, dated December 31, 2012 (the "**Lease**"). A true and correct copy of the Lease is annexed hereto as *Exhibit 1*.

3. Upon Newbury's first failure to pay the monthly rent in April 2020, I reached out to Newbury's representatives, who informed me that Newbury would not be paying the rent for April.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Trustee Motion.

4. Although Newbury has continued to operate the Garage, it has since unjustifiably failed and refused to tender the rent and additional rent due and owing to the Co-Op under the terms of the Lease for the succeeding eight months. Upon information and belief, Newbury has systematically taken its operating income and disbursed it to related entities for no consideration.

5. As a result of the Co-Op's inability to collect the outstanding debt, the Co-Op commenced a civil action in the New York County Supreme Court (the "**State Court**") on October 14, 2020, styled, *250 E. 87 Owners Corp. v. Newbury Operating LLC* (Index No. 655282/2020) (the "**State Court Action**"). A true and correct copy of the *Summons and Complaint* in the State Court Action is annexed hereto as *Exhibit 2*.

6. Newbury was subsequently served with a *Notice of Default* dated October 22, 2020 (the "**Default Notice**"), which provided until November 6, 2020, for Newbury to cure the default by tendering the outstanding rent in the amount of $591,369.77. A true and correct copy of the Default Notice is annexed hereto as *Exhibit 3*.

7. Newbury failed to cure the default and was served with a *Notice of Termination* (the "**Termination Notice**") on or around November 9, 2020. The Termination Notice advised Newbury that the Lease would be terminated effective November 16, 2020. A true and correct copy of the Termination Notice is annexed hereto as *Exhibit 4*.

8. After ignoring both the Default Notice and the Termination Notice and continuing to operate its business, the Co-Op moved the State Court for the appointment of a receiver pursuant to CPLR § 6401(a) on November 30, 2020. A true and correct copy of the *Order to Show Cause* filed in the State Court and the pleadings attached thereto is annexed as *Exhibit 5*.

9.     On December 11, 2020, nearly sixty (60) days after the time to respond had expired, Newbury filed an answer to the initial complaint in the State Court Action disingenuously denying all substantive allegations that has been rejected by the Co-Op as untimely. A true and correct copy of the answer and notice of rejection filed in the State Court is annexed as *Exhibit 6*.

10.    As of December 28, 2020, Newbury owes the Co-Op approximately $655,884 on account of its obligations under the Lease. A copy of the account history for the Garage is annexed hereto as *Exhibit 7*.

11.    Notwithstanding the COVID-19 pandemic, Newbury has been operating the Garage uninterrupted on a daily basis and continues to collect income from their approximately two hundred twenty (220) monthly customers, each of which pays between $325 and $425 per month, not to mention the significant transient income Newbury receives from daily and hourly customers.

12.    The Co-Op is a residential cooperative that relies on the rent due from Newbury to meet its own operating costs. Specifically, the annual rent to be paid by Newbury constitutes approximately 12% of the Co-Op's annual operating costs.

13.    Newbury's refusal to pay the Co-Op rent jeopardizes the conservation, maintenance and preservation of the Building, and places an undue financial strain on all its shareholders, many of whom live on fixed incomes and/or have suffered significant financial hardship as a result of the pandemic.

14.    I believe the appointment of an interim trustee will preserve the assets of the Alleged Debtor for the benefit of its estate because such appointment will terminate the Alleged Debtor's systematic fraudulent conveyance of operating receipts which will be property of the bankruptcy estate.

_[signature]_
Peter Pretsfelder

Sworn to before me this 8th
day of January, 2021
_[signature]_
Notary Public

HOMER CARROLL
Notary Public, State of New York
No. 01CA4756005
Qualified in New York County
Commission Expires March 30, 2022