**Hearing Date and Time: February 18, 2021 at 10:00 a.m.**
**Objection Deadline: February 8, 2021 at 4:00 p.m.**

CULLEN AND DYKMAN LLP
C. Nathan Dee, Esq.
Elizabeth M. Aboulafia, Esq.
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700
Email:  ndee@cullenllp.com
        eaboulafia@cullenllp.com

*Counsel to Newbury Operating LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                                                                  :
In re:                                                            :    Chapter 7
                                                                  :
NEWBURY OPERATING LLC                                             :    Case No. 20-12976 (JLG)
                                                                  :
                                                                  :
                  Alleged Debtor.                                 :
                                                                  :
------------------------------------------------------------------x

## NOTICE OF MOTION OF NEWBURY OPERATING LLC TO DISMISS INVOLUNTARY PETITION, OR ALTERNATIVELY, FOR ABSTENTION

**PLEASE TAKE NOTICE** that on February 18, 2021 at 10:00 a.m., Newbury Operating LLC

(the "Alleged Debtor"), by and through its undersigned counsel, will move (the "Motion") before the

Honorable James L. Garrity, Jr., United Sates Bankruptcy Judge, in the United States Bankruptcy Court

for the Southern District of New York, Courtroom 601, One Bowling Green, New York, New York 10004

or via Court Solutions LLC should the Court so direct, or as soon thereafter as counsel can be heard, for

entry of an order dismissing with prejudice the involuntary bankruptcy petition (the "Involuntary

Petition") filed against the Alleged Debtor pursuant to sections 303(h), 305(a) and 707(a) of the United

States Bankruptcy Code, 11 U.S.C. §§ 101 et seq., as amended (the "Bankruptcy Code"), or alternatively

abstaining from consideration of the Involuntary Petition pursuant to pursuant to 11 U.S.C. §§ 305(a) of

the Bankruptcy Code and/or exercising its discretion to permissively abstain pursuant to 28 U.S.C. §

1334(c), and awarding damages and costs in favor of the Alleged Debtor,  as more particularly described

in the Motion.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Motion is available for inspection during normal business hours at the office of the Clerk of the United States Bankruptcy Court for the Southern District of New York located at One Bowling Green, New York, New York 10004, or may be obtained by contacting the undersigned counsel.

**PLEASE TAKE FURTHER NOTICE** that responses and objections, if any, to the Motion and the proposed order must be made in writing, conform to the Bankruptcy Rules and the local Bankruptcy Rules for the Bankruptcy Court and be filed with the Bankruptcy Court electronically in accordance with General Order 559 (a copy of which can be found at *www.nysb.uscourts.gov*, the official website for the United States Bankruptcy Court for the Southern District of New York), by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format (with a hard copy delivered directly to Chambers) and shall be served upon: (i) counsel to the Alleged Debtor, Cullen and Dykman LLP, Attn: C. Nathan Dee, Esq. and Elizabeth Aboulafia, Esq., 100 Quentin Roosevelt Blvd., Garden City, New York 11530; (ii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Room 1006, New York, New York 10014, Attn: Brian S. Masumoto, Esq.; and (iii) all parties who have filed a notice of appearance and request for service of documents, so as to be actually received by no later than 4:00 p.m. (prevailing Eastern Time) on February 8, 2021.

Dated:  Garden City, New York
      January 19, 2021

                              CULLEN AND DYKMAN LLP

              By:   */s/ Elizabeth M. Aboulafia*
                      C. Nathan Dee, Esq.
                      Elizabeth M. Aboulafia, Esq.
                      100 Quentin Roosevelt Boulevard
                      Garden City, New York 11530

                      *Counsel to Newbury Operating LLC*

**Hearing Date and Time: February 18, 2021 at 10:00 a.m.**
**Objection Deadline: February 8, 2021 at 4:00 p.m.**

CULLEN AND DYKMAN LLP
C. Nathan Dee, Esq.
Elizabeth M. Aboulafia, Esq.
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700
Email: ndee@cullenllp.com
eaboulafia@cullenllp.com

*Counsel to Newbury Operating LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
                                                            :
In re:                                                      :    Chapter 7
                                                            :
NEWBURY OPERATING LLC                                       :    Case No. 20-12976 (JLG)
                                                            :
                                                            :
                  Alleged Debtor.                           :
                                                            :
----------------------------------------------------------- x

## NEWBURY OPERATING LLC'S MOTION TO DISMISS INVOLUNTARY BANKRUPTCY PETITION OR, ALTERNATIVELY, FOR ABSTENTION

**TO THE HONORABLE JAMES L. GARRITY, JR., United States Bankruptcy Judge:**

Newbury Operating LLC ("Newbury" or the "Alleged Debtor"), alleged debtor herein, hereby submits this motion (the "Motion"), pursuant to sections 303, 305 and 707 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq., as amended (the "Bankruptcy Code") and 28 U.S.C. § 1334(c), for entry of an order, substantially in the form annexed hereto as <u>Exhibit "1"</u>, dismissing with prejudice the involuntary bankruptcy petition (the "Involuntary Petition") filed against the Alleged Debtor on December 28, 2020 by sole petitioning creditor, 250 E. 87 Owners Corp. (the "Petitioning Creditor"). In further support thereof, the Alleged Debtor respectfully states as follows:

## PRELIMINARY STATEMENT[1]

The Petitioning Creditor's Involuntary Petition should be dismissed with prejudice for cause under section 707(a) of the Bankruptcy Code with costs awarded to the Alleged Debtor because the Involuntary Petition is an improper and inappropriate use of the Bankruptcy Court by the Petitioning Creditor.   Alternatively, this Court should abstain from considering the Involuntary Petition and dismiss the involuntary bankruptcy case under section 305(a) of the Bankruptcy Code or abstain under 28 U.S.C. § 1334(c) and allow the pending State Court Action between the two parties to this involuntary case to proceed to its conclusion.   The Involuntary Petition is further ripe for dismissal as an impermissible single creditor case with no special or exceptional circumstances warranting the exercise of jurisdiction by this Bankruptcy Court.

The Petitioning Creditor is the Alleged Debtor's landlord and is also its primary creditor. The Petitioning Creditor's attempt to collect past due rent is the sole purpose for the Involuntary Petition filed against the Alleged Debtor.   The pending State Court Action initiated by the Petitioning Creditor three months prior to filing the involuntary petition against the Alleged Debtor adequately protects the parties' respective interests.   The Petitioning Creditor's choice to initiate an involuntary proceeding against the Alleged Debtor months after initiating the State Court Action in which it has actively sought the same exact relief as in this Court is clearly forum shopping and demonstrates bad faith.

In that regard, the Petitioning Creditor's filing of the Involuntary Petition against the Alleged Debtor is simply the continuation of a two-party dispute for non-payment of rent which began in the State court forum specifically chosen by the Petitioning Creditor to pursue its rights

---

[1] Capitalized terms used but not defined in this Preliminary Statement shall have the meanings ascribed to them in subsequent sections of this Motion.

and remedies including, but not limited to, seeking the appointment of a receiver. That is essentially the same relief which the Petitioning Creditor seeks from this Court with one exception. Due to the statewide moratorium on evictions implemented in response to the ongoing pandemic, the Petitioning Creditor cannot evict the Alleged Debtor from the property while the Alleged Debtor tries to restructure its operations. However, should the Court grant the Petitioning Creditor's involuntary petition, the Alleged Debtor will effectively be evicted from the property. Thus, the Petitioning Creditor's filing of the Involuntary Petition is merely a litigation tactic in a two-party dispute, filed solely to collect rent and to provide it with an eviction mechanism that is currently unavailable in the pending State Court Action.

Allowing this action to proceed will not provide a collective remedy for a number of creditors consistent with the purpose of the bankruptcy process, but rather will open the floodgates for the use of the bankruptcy courts as a forum for two party disputes brought by aggrieved landlords to dispossess their tenants and collect past due rent. As more fully discussed below and following recent Second Circuit authority, using an involuntary bankruptcy filing to collect a debt in a two-party dispute, when adequate state court remedies are available to the petitioning creditor, is not an appropriate use of the Bankruptcy Court and warrants dismissal with prejudice. *See In re Murray,* 900 F.3d 53 (2d Cir. 2018).

## JURISDICTION AND VENUE

1.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      The statutory predicates for the relief requested herein are sections 303, 305 and 707 of the Bankruptcy Code and Rule 1013 of the Federal Rules of Bankruptcy Procedure.

## RELEVANT BACKGROUND

**A.     The Lease and Impact of Covid-19 Pandemic**

3.      A detailed factual background regarding the parties' Lease and the impact of Covid-19 on the Alleged Debtor's operating performance is more fully set forth in Declaration of John D. Smith (the "Smith Declaration" at Dkt. No. 13, Ex. A.) submitted in support the Alleged Debtor's objection to the Petitioning Creditor's motion for the appointment of an interim chapter 7 trustee (the "Trustee Motion" at Dkt. No. 7) and is incorporated herein by reference.   A supplemental declaration (the "Supplemental Declaration") by Mr. Smith regarding the Alleged Debtor's cash management system is attached hereto as Exhibit "2".

**B.     The Landlord's State Court Action and Pending Request for a Receiver**

4.      Over four months ago, on October 14, 2020, the Petitioning Creditor chose to initiate a two-party dispute against Newbury in a state court forum when it filed a collection action for unpaid rent against Newbury in the New York Supreme Court, New York County, Index No. 655282/2020 (the "State Court Action") which remains pending.  *See* Trustee Motion, Ex. A, ¶ 5.

5.      Almost two months ago, on November 30, 2020, the Petitioning Creditor chose to actively move forward in the State Court Action seeking an order to show cause for the appointment of a receiver with, among other things, authority to retain the services of a parking garage operator to operate the Garage and collect the fees generated therefrom.  *See* Trustee Motion, Ex. A, ¶ 8, Ex. 5.

6.      The Petitioning Creditor admitted in its pleadings seeking the appointment of a receiver that the purpose of its request was to circumvent the government mandated protections put into place by Governor Cuomo's executive orders to protect commercial tenants such as Newbury who have been devastatingly impacted by the COVID-19 pandemic from eviction.  *See*

*id.* at ¶ 15 ("A receiver is especially important because as a result of the Covid-19 pandemic and Executive Order No. 202.28 . . . Plaintiff does not have the ability to commence an eviction proceeding . . .").

7.      Newbury timely submitted its opposition to the receiver motion on December 22, 2020 and the state court judge scheduled a hearing on the matter for January 12, 2021. Smith Declaration, ¶ 11.

8.      On December 28, 2020, months after choosing to initiate the State Court Action against Newbury, the Petitioning Creditor, as the sole petitioning creditor, decided to choose a different forum for its rent dispute with the Alleged Debtor and commenced the instant proceeding seeking the exact same relief in this Court that it sought in the State Court Action.

9.      On January 4, 2021, the Petitioning Creditor filed a letter notifying the court in the State Court Action that the hearing on its receiver motion was subject to the automatic stay since the Petitioning Creditor had chosen to seek relief in a different forum by filing of the Involuntary Petition. *Id.* at ¶ 12. A copy of this letter filed on the docket of the State Court Action is annexed hereto as Exhibit "3".

## **RELIEF REQUESTED**

10.     By this Motion, the Alleged Debtor seeks entry of an order, substantially in the form annexed hereto as Exhibit 1, dismissing the Involuntary Petition with prejudice pursuant to section 707(a) of the Bankruptcy Code, or alternatively abstaining from consideration of the Involuntary Petition under section 305(a) of the Bankruptcy Code and dismissing this case, and/or exercising its discretion to permissively abstain pursuant to 28 U.S.C. § 1334(c), and awarding damages and costs against the Petitioning Creditor and in favor of the Alleged Debtor. The Alleged Debtor further submits that the Involuntary Petition should be dismissed because there are

no "special circumstances" warranting an involuntary case filed by a sole petitioning creditor in a two-party dispute such that the requirements of section 303 of the Bankruptcy Code cannot be satisfied.

## BASIS FOR RELIEF REQUESTED

11.     The Court should dismiss the Involuntary Petition pursuant to sections 707(a), 305(a) and 303(h) of the Bankruptcy Code or, in the alternative, it should abstain from considering the involuntary bankruptcy pursuant to section 305(a) of the Bankruptcy Code and the permissive abstention provisions of 28 U.S.C. § 1334(c).

**A.     The Court Should Dismiss the Involuntary Bankruptcy Case for Cause Under 11 U.S.C. § 707(a)**

12.     Section 707(a) of the Bankruptcy Code authorizes a bankruptcy court to dismiss a case for cause. The determination of whether cause exists is left to the discretion of the bankruptcy court. *See In re Smith,* 507 F.3d 64, 72 (2d Cir. 2007) (cause exists if "dismissal would be in the best interest of all parties . . .") (internal quotation marks and citations omitted). Section 707(a) applies to involuntary as well as voluntary petitions. *In re Murray,* 900 F.3d at 60 n. 5 (citing *In re MacFarlane Webster Assocs.,* 121 B.R. 694, 696-97 (Bankr. S.D.N.Y. 1990)). Cause exists here because, among other reasons, the gravamen of the Petitioning Creditor's dispute with the Alleged Debtor is the payment of past due rent and the purpose of the Petitioning Creditor's involuntary petition is simply a tactic for the collection of that rent. "The bankruptcy court is not a collection agency.*" See In re Mountain Dairies, Inc*., 372 B.R. 623, 635 (Bankr. S.D.N.Y. 2007). Petitioning Creditor's use of this Court for such improper purposes should not be tolerated by this Court. Permitting such tactics will send a signal to every New York City landlord that is subject to New York State's eviction moratorium caused by the pandemic that the bankruptcy courts are

6

a viable path to relief in a two-party dispute brought by a landlord seeking to collect overdue rent from a commercial tenant.

13.     Moreover, cause also exists to warrant dismissal of the Involuntary Petition pursuant to section 707(a) of the Bankruptcy Code because this proceeding constitutes an improper or duplicative use of the bankruptcy system which should be dismissed by this Court in the exercise of its sound discretion. *See In re Murray*, 543 B.R. 484, 490-91 (Bankr. S.D.N.Y. 2016), *aff'd* 565 B.R. 527 (S.D.N.Y. 2017), *aff'd* 900 F.3d, 53, 58 (2d Cir. 2018) (cause for dismissal exists "whether for bad faith or circumstances falling short of bad faith but nevertheless representing an inappropriate use of the Code").   The Petitioning Creditor's belated use of the Bankruptcy Court four months after seeking the same exact relief that it is seeking in the State Court Action, collection of unpaid rent and the appointment of a receiver, is clearly an improper and duplicative use of the bankruptcy court.

14.     With particular attention to (i) whether a petitioning creditor is attempting to collect a debt in a two-party dispute and (ii) whether adequate state court remedies are available when considering dismissal of an involuntary petition, courts in this Circuit consider multiple factors in determining whether cause exists to warrant dismissal of an involuntary petition under section 707(a) of the Bankruptcy Code.   *See In re Murray*, 543 B.R. at 492 (finding that the presence of those two factors alone will "weigh in a favor of dismissal when present").  These factors (the "*Murray* factors") include:

> (1)     The bankruptcy court was the most recent battlefield in a long-running, two party dispute, (2) the judgment creditor brought the case solely to enforce a judgment, (3) there were no competing creditors, (4) there was no need for a pari passu distribution, (5) assuming there were fraudulent transfers to be avoid, the judgment creditor could do so in another forum, (6) the judgment creditor had adequate remedies to enforce its judgment under non-bankruptcy law, (7) the judgment creditor invoked the bankruptcy laws to secure a benefit that it did not have under non-bankruptcy law without a creditor community to protect, (8) no

assets would be lost or dissipated in the event that the bankruptcy case did not continue and (9) the alleged debtor did not need a bankruptcy discharge.

*In re Murray*, 900 F.3d at 57.

15.     The Petitioning Creditor is clearly attempting to collect a debt - the unpaid rent - in a two-party landlord tenant dispute which the Petitioning Creditor first began in another forum four months ago and in which it actively participated up to and including filing correspondence staying the hearing on its request for the appointment of receiver so it could seek the exact same relief from this Court.  (Ex. 3).  Additionally, the laws of the State of New York and the request for relief in the State Court Action provide the Petitioning Creditor with adequate remedies should it ultimately succeed in its initially chosen forum, *i.e.* a judgment for any unpaid rent that may be found to be due and owing and a receiver to operate the garage and collect rents.  Indeed, the appointment of a receiver in the State Court Action would serve the same function as an interim trustee requested in the Trustee Motion which remains pending before this Court.  *See* 9 COLLIER ON BANKRUPTCY ¶ 2001.01 (Richard Levin & Henry J. Sommer eds., 16th ed.) (explaining "[t]he interim trustee's resemblance to a receiver").  The Petitioning Creditor has provided no evidence or other support which demonstrates or even suggests that its remedies in the State Court Action are inadequate.  Accordingly, the key *Murray* factors which the Courts use to determine cause for dismissal of an involuntary petition – namely, (i) the existence of a two-party dispute and (ii) an adequate remedy under non-bankruptcy law, support dismissal of this matter.

16.     The majority of the remaining *Murray* factors also favor dismissal of the Involuntary Petition with prejudice.  The Petitioning Creditor is using the bankruptcy court as its most recent battlefield in its months long two-party dispute (*Murray* factor 2).  As set forth in ¶9 of the Smith Declaration and ¶7 of the Supplemental Declaration, there are no significant competing creditors (*Murray* factor 3) so there is also no need for a *pari passu* distribution of

Newbury's assets (*Murray* factor 4). Petitioning Creditor can assert any alleged fraudulent transfer causes of action in the State Court Action pursuant to the relevant provisions of New York Debtor Creditor Law (*Murray* factor 5). The Petitioning Creditor has adequate remedies to enforce any judgment for breach of its Lease under non-bankruptcy law and for the appointment of a receiver in the pending State Court Action (*Murray* factor 6). The Petitioning Creditor invoked the bankruptcy laws to secure a benefit - namely relief from the state mandated eviction moratorium imposed post-COVID - that is not available to the Petitioning Creditor in the State Court Action (*Murray* factor 7). All of these factors weigh heavily in favor of dismissal of this case.

17.     Newbury maintains a separate bank account into which parking fees are deposited and all revenues and costs related to the Newbury Garage are tracked in Newbury's books and records in the ordinary course of business (Supplemental Declaration, ¶5).. Moreover, on January 15, 2021, Mr. Smith directed that the daily sweep from Newbury's bank account in the ordinary course of business to the Icon paymaster account be turned off. (Supplemental Declaration ¶9). Based on these facts, there is no real danger of assets being "lost" or "dissipated" in the event the bankruptcy case did not continue (Murray factor 8). This factor also weighs in favor of dismissal of this case.

18.     A balancing of the competing interests at stake also favors a "for cause" dismissal of the Involuntary Petition. The interests of the Alleged Debtor need to be considered as well as the Petitioning Creditor because the purpose of the Bankruptcy Code cannot be disregarded when the Petitioning Creditor seeks to use the Involuntary Petition as a personal collection device for unpaid rent. *See In re Murray*, 543 B.R. at 496 (purpose of bankruptcy code cannot be disregarded when a single creditor tries to invoke [the Code's] involuntary provisions as a personal collection device). The Alleged Debtor is not entitled to a discharge as a business entity as a matter of law

9

and will not attain any benefit to outweigh the costs of participating in a Chapter 7 case and duplicating the costs and expenses that it has already incurred in the State Court Action, especially when the Petitioning Creditor already has adequate remedies at law in the forum that it freely chose to begin its dispute over unpaid rent with the Alleged Debtor.  Similarly, the Petitioning Creditor will obtain no greater relief from the Bankruptcy Court to justify the duplicative efforts and costs associated with appointing a chapter 7 trustee.  The best interests of the Alleged Debtor and the Petitioning Creditor would be best served in the pending State Court Action.

19.     Accordingly, cause exists for dismissal under section 707(a) of the Bankruptcy Code.

**B.     The Court Should Abstain from and Dismiss the Involuntary Petition Pursuant to Section 305(a) of the Bankruptcy Code and 28 U.S.C. § 1334(c)**

20.     Cause also exists for the Court to exercise its discretion to dismiss or abstain from hearing this bankruptcy case pursuant to section 305(a) of the Bankruptcy Code and 28 U.S.C § 1334(c).  Section 305(a)(1) of the Bankruptcy Code permits a bankruptcy court to dismiss any bankruptcy case where "the interests of creditors and the debtor would be better served by such dismissal . . ." 11 U.S.C. § 305(a)(1).  Section 1334(c)(1) of title 28 of the United States Code provides that "nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining or hearing a particular proceeding arising under title 11 . . ." 28 U.S.C. § 1334(c)(1).  For the reasons discussed below, the Court should dismiss or abstain from this matter.

### *Section 305(a) Dismissal or Abstention*

21.     While dismissal or abstention pursuant to section 305(a) of the Bankruptcy Code is an extraordinary remedy that is appropriate only when a court finds that both creditors and the debtor would be served by dismissal, dismissal or abstention in this matter is warranted because

the Involuntary Petition is simply being used by the sole Petitioning Creditor as a debt collection tactic in a two-party dispute that is already pending in another forum. *See, e.g.*, *In re Persico Contracting and Trucking, Inc.,* 2010 WL 3766555, at *4 (Bankr. S.D.N.Y. Aug. 20, 2010 ("it is frequently recognized that an involuntary Chapter 11 case, particularly where that involuntary appears to be a two-party dispute; *i.e.,* the petitioning creditors on the one hand and the debtor on the other, should not be used as a debt collection tool"); *In re Selectron Mgmt. Corp.*, 2010 WL 3811863, at *6 (Bankr. E.D.N.Y. Sept 27, 2010) (dismissing involuntary petition because "the instant involuntary petition is a two-party dispute, and it is not the function of the bankruptcy court to act as a collection device for judgment creditors").

22.     Moreover, a review of the factors that Second Circuit courts have considered regarding dismissal or abstention under section 305(a) of the Bankruptcy Code supports the continuation of the two parties' pending State Court Action and not this involuntary bankruptcy case, as follows:

(1)     [the] economy and efficiency of administration; (2) whether another forum is available to protect the interests of both parties or there is a pending proceeding in state court; (3) whether federal proceedings are necessary to reach a just and equitable solution; (4) whether there are alternative means of achieving an equitable division of assets; (5) whether the debtor and creditors are able to work out a less expensive out-of-court arrangement which better serves all interests in the case; (6) whether a non-federal insolvency has proceeded so far in those proceedings that it would be costly and time consuming to start afresh with the federal bankruptcy process; and the purpose for which bankruptcy jurisdiction has been sought.

*In re Paper I Partners, L.P.*, 283 B.R. 661, 679 (Bankr. S.D.N.Y. 2002).

23.     The Court should find that the applicable factors set forth above also weigh in favor of dismissal or abstention in this matter.

24.     Considerations of economy and efficiency of administration favor the State Court Action and not this involuntary case. The Petitioning Creditor had already chosen to commence

the State Court Action and seek the appointment of a receiver prior to filing this involuntary bankruptcy.  The two parties have actively participated in the State Court Action and a hearing on the Petitioning Creditor's motion for the appointment of a receiver was scheduled prior to the filing of the Involuntary Petition.  Indeed, consideration of the receiver motion was adjourned solely due to the filing of the instant case.  The Petitioning Creditor is seeking the same relief in the State Court Action as in this involuntary proceeding.  Both parties have already incurred costs and expenses in the State Court Action.  It would be inefficient for this Court and the parties herein to utilize scarce judicial resources to duplicate the efforts that have already expended by the state court and the parties in the State Court Action for the exact same relief.

25.     As discussed above, there is another forum available to protect the interests of both parties and there is a pending proceeding in that forum.   This factor weighs in favor of dismissal or abstention.

26.     The Petitioning Creditor has not demonstrated any reason to doubt the adequacy of its remedies in the State Court Action or the quality of the New York State Supreme Court's supervision of that proceeding.  Therefore, federal proceedings are not necessary to reach a just and equitable solution of the parties' rent dispute.  This factor also weighs in favor of dismissal or abstention.

27.     There are plainly alternative means of achieving an equitable division of assets through the State Court Action, as there is one asset and one creditor at issue in this matter, and the collective nature of a bankruptcy proceeding is simply not applicable to the instant dispute.

28.     The fifth factor identified by the *In re Papers I Partners* court regarding an out of court arrangement between the parties does not seem likely at the time of the instant motion given that the parties have engaged in discussions in an attempt to resolve their disputes for almost a year

without success, and the Petitioning Creditor has already sought an in-court solution prior to the commencement of the Involuntary Petition. Accordingly, this factor should not be considered as part of the Court's analysis as it is not applicable.

29.     The sixth factor identified by the *In re Papers I Partners* court weighs in favor of dismissal or abstention because the State Court Action has been pending for months, both parties have actively participated in the proceeding and incurred costs and expenses, and for all of the other related reasons regarding available remedies as discussed above.

30.     The purpose of Petitioning Creditor's filing of the involuntary petition is clear. It is forum shopping in a two-party dispute over unpaid rent. This factor clearly weighs in favor granting the Alleged Debtor's motion to dismiss.

### 28 U.S.C. § 1334 Permissive Abstention

31.     Finally, the Court should also deny the Motion because there are grounds for permissive abstention from this case pursuant to 28 U.S.C. § 1334(c)(1) based on the Court's review of the applicable factors. In determining whether permissive abstention under section 1334(c)(1) is appropriate, Second Circuit courts have considered the following factors:

> (1) The effect or lack thereof on the efficient administration of the bankruptcy estate; (2) the extent to which state law issues predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (6) the existence of a right to a jury trial, and (7) prejudice to the involuntarily removed defendants.

*In re Residential Capital, LLC*, 488 B.R. 565, 577 (Bankr. S.D.N.Y. 2013).

32.     For the same reasons set forth above (see supra, ¶24), the first factor weighs in favor of abstention. The second factor regarding the extent to which issues of state law predominate also weighs in favor of abstention because the issues to be addressed between the two parties are predominantly questions of state law regarding commercial leases, New York's Debtor and

Creditor Law and the appointment of receiver under the New York CPLR. The Petitioning Creditor has not identified any significant bankruptcy issues that could be better addressed by this Bankruptcy Court as opposed to the New York State Supreme Court. Comity considerations also weigh in favor of abstention. The record demonstrates that there is a pending state court proceeding which will apply New York state law, and any relief required by the parties can be obtained in that forum. Finally, the last two factors regarding relatedness or remoteness of the State Court Action from this case and the right to a jury trial also weigh in favor of this Court's abstention from the bankruptcy case because the Petitioning Creditor seeks the exact same relief in the State Court Action and there is no right to a jury trial in this Court.

33.    Second Circuit courts have also examined additional factors when considering permissive abstention, "including the presence of a related proceeding commenced in state court or other non-bankruptcy court" and "the likelihood that commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties." *See Little Rest Twelve, Inc.*, 458 B.R. 44, 60 (S.D.N.Y.2011) (internal citations omitted). These two factors clearly favor the Alleged Debtor because the exact same dispute between the same parties seeking the same relief is the subject of the pending State Court Action and Petitioning Creditor is blatantly and obviously engaging in forum shopping.

34.    Accordingly, since substantially all of the factors considered by the courts in the Second Circuit weigh in favor of dismissal of the Involuntary Petition or this Court's abstention from this case under the various standards summarized above, the Alleged Debtor asserts that the Court should dismiss or abstain from this involuntary case.

**C.      This Involuntary Petition Should be Dismissed for Failure to Satisfy the Requirements of Section 303 of the Bankruptcy Code**

35.      Finally, the Involuntary Petition must fail based on analysis of section 303(h) of the Bankruptcy Code because, among other reasons, Newbury is generally paying its debts to its trade creditors as they become due except for its debt to the Petitioning Creditor for the reasons set forth herein.  *See* Smith Declaration, ¶. 9.   Newbury's payment of its debts to its trade creditors means, among other things, that the Petitioning Creditor's use of the bankruptcy court as a collection agency will not provide a collective remedy for a number of creditors, but only a remedy for a single party in a two-party dispute.  *See In re Mountain Dairies, Inc*., 372 B.R. 623, 635 (Bankr. S.D.N.Y. 2007) ("The bankruptcy court is not a collection agency").

36.      Contrary to the Petitioning Creditor's baseless assertions made in connection with its Trustee Motion, the requirements of section 303(h) of the Bankruptcy Code are not satisfied because (i) this is not an exceptional case where a sole petitioning creditor would be otherwise without an adequate remedy if an order for relief is denied, and (ii) there are no special circumstances amounting to "fraud, trick, artifice or scam" in this matter.  *See* Petitioning Creditor's reply in support of Trustee Motion (Dkt. No. 14), ¶ 19.

37.      Rather, as discussed in detail above, the Petitioning Creditor clearly has an adequate remedy in the State Court Action such that this is not an exceptional case.  It is a landlord/tenant rent dispute, and the Alleged Debtor submits that the floodgates should not be opened to allow aggrieved landlords to work an end-run around Governor Cuomo's commercial eviction moratorium through the involuntary bankruptcy process.   Moreover, there are no special circumstances that support the filing of the Involuntary Petition because the Alleged Debtor has not defrauded or otherwise engaged in nefarious conduct in response to the impacts of the pandemic. *See In re Westerleigh Dev. Corp.*, 141 B.R. 38, 40 (Bankr. S.D.N.Y. 1992) (dismissing

involuntary petition and finding that "[t]he key point is that a bankruptcy court should not entertain a two-party dispute unless special circumstances exist, such as fraud, artifice or scam"). The record of the instant case is clear that the Petitioning Creditor has an adequate remedy in the State Court Action and there are no special circumstances warranting the retention of jurisdiction by the Bankruptcy Court over this two-party rent dispute.

**D.      The Court Should Award Attorneys' Fees and Related Costs of the Involuntary Petition Pursuant to Section 303(i)**

38.      Section 303(i) of the Bankruptcy Code authorizes an award of attorneys' fees upon a non-consensual dismissal of an involuntary petition, along with additional damages – including potential punitive damages – upon a finding of a bad faith filing. 11 U.S.C. § 303(i)(1)-(2). Courts within the Second Circuit have considered the totality of the circumstances in determining whether to award attorneys' fees, including: "(1) the merits of the involuntary petition; (2) the role of any improper conduct on the part of the alleged debtor; (3) the reasonableness of the actions taken by the petitioning creditors; and (4) the motivation and objectives behind the filing of the petition." *In re TPG Troy*, *LLC*, 793 F.3d 228, 235 (2d Cir. 2015) (internal citations omitted).

39.      The Court should award the Alleged Debtor its attorneys' fees and related costs incurred in this involuntary Chapter 7 case pursuant to section 303(i) of the Bankruptcy Code consistent with the plain language of the Bankruptcy Code and controlling Second Circuit law because the Petitioning Creditor has used the bankruptcy process for an improper purpose, as a collection tactic in a two party dispute, when it already had all necessary and adequate remedies available to it in the State Court Action. *See In re TPG Troy*, 793 F.3d at 235 (upholding award of attorneys' fees upon dismissal and finding that "[w]hen an involuntary petition is dismissed, 'there is a presumption that costs and attorney's fees will be awarded to the alleged debtor'" because awarding fees and costs serves to discourage the use of filing involuntary petitions

(quoting *In re Mountain Dairies*, 372 B.R. at 637)).    For the reasons set forth above, the Involuntary Petition lacks merit and the Petitioning Creditor engaged in bad faith conduct in electing to abuse the bankruptcy process to attempt an end run around the eviction moratorium and obtain relief not available in its pending State Court Action.  The Petitioning Creditor chose to initiate an involuntary petition against a viable business because it thought that it could leverage the bankruptcy court as a collection agency, and this conduct should not only result in the dismissal of the Involuntary Petition, but also an award of, at a minimum, costs and potentially other damages in an amount to be determined by this Court.

40.    The Petitioning Creditor cannot meet its burden of proof to justify a denial of the Alleged Debtor's costs.  *See In re Anmuth Holdings, LLC*, 600 B.R. 168, 186 (Bankr. E.D.N.Y. 2019); *see also In re Mountain Dairies*, 372 B.R. at 637 (citations omitted).  Finally, while the Alleged Debtor believes that the Petitioning Creditor filed its involuntary petition in bad faith based on the totality of the circumstances (*Anmuth Holdings, LLC*, 600 B.R. at 192), a finding of bad faith by this Court is not necessary to the award of costs and fees to the Alleged Debtor. *In re Mountain Dairies*, 372 B.R. at 637; *see also In re TPG Troy, LLC*, 793 F.3d at 235 ("Section 303(i)(1) is a fee shifting provision that requires no showing of bad faith, and aims to keep the putative estate whole").

41.    Accordingly, the Alleged Debtor submits that it is entitled to an award of attorneys' fees, costs and other damages pursuant to sections 303(i)(1) and (2) upon the dismissal of the Involuntary Petition and respectfully requests an award of such fees, costs and damages in an amount to be determined by the Court at the conclusion of this matter.

## RESERVATION OF RIGHTS

42.    The Alleged Debtor respectfully reserves and any all rights with respect to the subject matter of this Motion and any other response to the Involuntary Petition, including without limitation the right to supplement this Motion on the record of the hearing to be held on the Motion and to assert other and additional defenses to the Involuntary Petition, as well as to assert the right to recover fees, costs and other damages.

## CONCLUSION

43.    Accordingly, for the reasons set forth herein and in the Smith Declaration and Supplemental Declaration incorporated by reference herein, the Involuntary Petition should be dismissed with prejudice or the Bankruptcy Court should alternatively abstain from consideration of the Involuntary Petition because this is simply not a bankruptcy case. This is a two-party dispute which is already pending before the New York State Supreme Court and should properly remain there because there are no other creditors or other interests to be served by this Court exercising its jurisdiction over a single creditor and the Alleged Debtor.

WHEREFORE, the Alleged Debtor respectfully requests that the Court enter an order (a) dismissing the involuntary bankruptcy case, or alternatively abstaining; (b) granting an award of fees, costs and damages in an amount to be determined after trial or other evidentiary submission; and (c) granting such other and further relief as the Court deems just and proper.

Dated: Garden City, New York
        January 19, 2021                        CULLEN AND DYKMAN LLP

                                        By:    */s/ Elizabeth M. Aboulafia*
                                               C. Nathan Dee, Esq.
                                               Elizabeth M. Aboulafia, Esq.
                                               100 Quentin Roosevelt Boulevard
                                               Garden City, New York 11530

                                               *Counsel to Newbury Operating LLC*

18

**Exhibit 1**
**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                      :

In re:                            :   Chapter 7
                                        :

NEWBURY OPERATING LLC     :   Case No. 20-12976 (JLG)
                                        :
                                        :

             Alleged Debtor.       :

------------------------------------------------------------x

### ORDER DISMISSING INVOLUNTARY PETITION

Upon the motion (the "Motion")[1] of Newbury Operating LLC ("Newbury" or the "Alleged Debtor"), pursuant to sections 303, 305 and 707 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq., as amended (the "Bankruptcy Code") and 28 U.S.C. § 1334(c), for entry of an order dismissing with prejudice the involuntary bankruptcy petition (the "Involuntary Petition") filed against the Alleged Debtor on December 28, 2020 by sole petitioning creditor, 250 E. 87 Owners Corp. (the "Petitioning Creditor"); and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this involuntary chapter 7 case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Alleged Debtor, the Petitioning Creditor, and any other parties in interest; and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules, and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor;

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

IT IS HEREBY ORDERED THAT:

1.        The Motion is GRANTED to the extent set forth herein.

2.        The Involuntary Petition is hereby dismissed with prejudice.

3.        The Alleged Debtor is entitled to an award of attorneys' fees and costs payable by the Petitioning Creditor in an amount to be determined by further Order of this Court.

4.        This Court retains jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

**Exhibit 2**
**Supplemental Declaration**

CULLEN AND DYKMAN LLP
C. Nathan Dee, Esq.
Elizabeth M. Aboulafia, Esq.
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700
Email: ndee@cullenllp.com
        eaboulafia@cullenllp.com

*Counsel to Newbury Operating LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
                                                             :
In re:                                                       :   Chapter 7
                                                             :
NEWBURY OPERATING LLC                                        :   Case No. 20-12976 (JLG)
                                                             :
                                                             :
                    Alleged Debtor.                          :
                                                             :
------------------------------------------------------------ x

**SUPPLEMENTAL DECLARATION OF JOHN D. SMITH IN
SUPPORT OF NEWBURY OPERATING LLC'S MOTION TO DISMISS
INVOLUNTARY PETITION OR, ALTERNATIVELY, FOR ABSTENTION**

Under 28 U.S.C. § 1764, John D. Smith declares as follows under the penalty of perjury:

1.      I am the Chief Executive Officer of Icon Parking Holdings, LLC ("Icon") the

indirect parent and manager of Newbury Operating LLC ("Newbury"), the alleged debtor against

which an involuntary petition (the "Involuntary Petition") for relief under chapter 7 of the

Bankruptcy Code was filed by 250 E. 87 Owners Corp. (the "Petitioning Creditor" or "Landlord")

on December 28, 2020.

2.      I am authorized to submit this declaration (the "Supplemental Declaration") on

behalf of Newbury to supplement my January 12, 2021 declaration submitted in connection with

the *Objection of Newbury Operating LLC to the Motion for Appointment of Interim Chapter 7*

*Trustee* (Dkt. No. 13) and in further support of *Newbury Operating LLC's Motion to Dismiss*

*Involuntary Bankruptcy Petition or, Alternatively, for Abstention* (the "Motion to Dismiss").[1]  I

adopt and incorporate the statements made in my January 12, 2021 declaration as set forth herein.

        3.        As a result of my tenure with Icon, my review of public and non-public documents,

and my discussions with other members of Icon's management team, I am generally familiar with

Newbury's business, financial condition, day-to-day operations and books and records.  Except as

otherwise indicated, all facts set forth in this Supplemental Declaration are based upon personal

knowledge, my review of relevant documents, or my opinion based upon experience, knowledge,

and information concerning Newbury's operations.  References to the Bankruptcy Code, the

bankruptcy process, and related legal matters are based on my understanding of such matters and

advice provided to me by counsel.   If called upon to testify, I would testify competently to the

facts set forth in this Supplemental Declaration.

        4.        In the ordinary course of business, Icon manages and provides administrative

services to Newbury and other affiliated parking garage entities.  Icon utilizes a centralized and

integrated cash management system which provides established mechanisms for the collection,

management, and disbursement of funds used in the operation of the parking garage entities,

including Newbury.  The collection and disbursement of funds generated by Newbury are reflected

on Newbury's books and records.

        5.        Newbury maintains a separate bank account into which parking fees are deposited.

On a daily basis, the funds deposited into these accounts are swept into an account maintained by

Icon in its capacity as a paymaster for the Newbury Garage.  All revenues related to the Newbury

Garage are tracked in Newbury's books and records.

        6.        From the Icon paymaster account, the following categories of costs are paid:

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion to Dismiss.

payroll for all employees that work at the Newbury Garage, general and administrative expenses, rent and all other operating costs associated with Newbury's operation of the Garage. Among other management and administrative services provided by Icon to Newbury, Icon obtains the issuance of letters of credit on its account for the benefit of Newbury (and ultimately the Petitioning Creditor) and provides insurance coverage to Newbury and the employees of the Newbury Garage.

7.      On December 28, 2020, the Petitioning Creditor filed the Involuntary Petition against Newbury and, as I understand from discussions with counsel, a bankruptcy estate came into being.   On that date, other than accrued labor, tax and benefit payments for the union employees who work at the Garage and the Petitioning Creditor, Newbury had two other trade creditors who were owed approximately $8,000 in total.

8.      Based on a review of Icon's accounting records, I understand that Newbury generated $96,247.83 in revenue and paid $16,402.44 in expenses during the time period from December 28, 2020 to January 16, 2021.

9.      On January 15, 2021, I directed that that daily sweep from Newbury's bank account to the Icon paymaster account be turned off.  I am advised that this occurred on January 15, 2021.

[THIS SPACE INTENTIONALLY LEFT BLANK]

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 19th day of January, 2021.

NEWBURY OPERATING LLC

By:_____
                John D. Smith

**Exhibit 3**
**Petitioning Creditor Letter to State Court**

SCHWARTZ
SLADKUS
REICH
GREENBERG
ATLAS LLP

Eric M. Sable – Direct 212-743-7084 – esable@ssrga.com

January 4, 2021

**BY-EMAIL: 59nyef@nycourts.gov
and NYSCEF**

Honorable Debra A. James
Supreme Court of the State of New York
County of New York
60 Centre Street, Room 331
New York, New York 10007

Re:   ***250 E. 87 Owners Corp.*, v. *Newbury Operating LLC***
       **Supreme Court of the State of New York**
       **County of New York, Index No. 655282/2020**

Dear Justice James:

         This firm represents plaintiff, 250 E. 87 Owners Corp., (the "Plaintiff") in the above referenced action (the "Action"). We write in reference to the Order to Show Cause currently returnable before your honor on January 12, 2021 (the "OSC").

         On December 28, 2020, Plaintiff filed an involuntary bankruptcy petition against Newbury Operating LLC in the Southern District of New York under Case No. 20-12976 (the "Bankruptcy Case"). A copy of the petition in the Bankruptcy Case is included with this correspondence.

         Due to the automatic stay that is currently in effect as a result of the Bankruptcy Case, it is respectfully requested that all aspects of the Action, including, but not limited to, the time for Plaintiff to submit reply papers (currently due on or before January 6, 2021) and oral argument on the OSC, currently scheduled for January 12, 2021, be stayed pending the resolution of the Bankruptcy Case. We would further request that the OSC be placed back on the Court's calendar upon letter application by Plaintiff and telephonic conference with the Court.

Honorable Debra A. James
January 4, 2021
Page 2

      Thank you in advance for your courtesy in this matter. If there are any questions, please do not hesitate to contact me.

Respectfully submitted,

Eric M. Sable

cc:     Counsel of Record (via NYSCEF)

/2348478

SCHWARTZ
SLADKUS
REICH
GREENBERG
ATLAS LLP

United States Bankruptcy Court
Southern District of New York

## Notice of Involuntary Bankruptcy Case Filing

An involuntary bankruptcy case concerning the debtor(s)
listed below was filed under Chapter 7 of the United States
Bankruptcy Code, entered on 12/28/2020 at 9:25 PM and
filed on 12/28/2020.



**Newbury Operating LLC**
250 East 87th Street
New York, NY 10128-3119

The case was filed by the following petitioning creditor(s):

**250 E. 87 Owners Corp.**
c/o Charles H. Greenthal Mgmt Corp.
551 Fifth Avenue, Ste 500
New York, NY 10176-50000

**Sanford Philip Rosen**
Rosen & Associates, P.C.
747 Third Avenue
New York, NY 10017-2803
(212) 223-1100

The case was assigned case number 20-12976.

If you would like to view the bankruptcy petition and other documents filed by the petitioning creditor(s) and the
debtor, they are available at our *Internet* home page http://ecf.nysb.uscourts.gov or at the Clerk's Office, One
Bowling Green, New York, NY 10004-1408.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth
important deadlines.

**Vito Genna**
**Clerk, U.S. Bankruptcy Court**

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**Southern District of New York**

Case number (if known) _____ Chapter **7**

☐ Check if this an amended filing

Official Form 205

# Involuntary Petition Against a Non-Individual

**12/15**

Use this form to begin a bankruptcy case against a non-individual you allege to be a debtor subject to an involuntary case. If you want to begin a case against a non-individual, use the *Involuntary Petition Against an Individual* (Official Form 105). Be as complete and accurate as possible. If more space is needed, attach any additional sheets to this form. On the top of any additional pages, write debtor's name and case number (if known).

**Part 1: Identify the Chapter of the Bankruptcy Code Under Which Petition Is Filed**

| 1. | Chapter of the Bankruptcy Code | Check one: |
|---|---|---|
| | | ■ Chapter 7 |
| | | ☐ Chapter 11 |

**Part 2: Identify the Debtor**

| 2. | Debtor's name | **Newbury Operating LLC** |
|---|---|---|

| 3. | Other names you know the debtor has used in the last 8 years | |
|---|---|---|
| | Include any assumed names, trade names, or *doing business as* names. | |

| 4. | Debtor's federal Employer Identification Number (EIN) | ☐ Unknown |
|---|---|---|
| | | EIN |

| 5. | Debtor's address | **Principal place of business** | **Mailing address, if different** |
|---|---|---|---|
| | | **250 East 87th Street** | |
| | | Number        Street | Number        Street |
| | | | P.O. Box |
| | | **New York NY 10128-3119** | |
| | | City        State    Zip Code | City        State    Zip Code |
| | | **New York** | **Location of principal assets, if different from principal place of business** |
| | | County | |
| | | | Number        Street |
| | | | City        State    Zip Code |

| 6. | Debtor's website (URL) | |
|---|---|---|

| 7. | Type of debtor | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
|---|---|---|
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other type of debtor. Specify: _____ |

| 8. | Type of debtor's business | *Check one:* |
|---|---|---|
| | | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A) |
| | | ■ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B) |

| Debtor | **Newbury Operating LLC** | Case number *(if known)* |
|---|---|---|

☐ Railroad (as defined in 11 U.S.C. § 101(44)

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)

☐ None of the types of business listed.

☐ Unknown type of business.

| | | |
|---|---|---|
| **9. To the best of your knowledge, are any bankruptcy cases pending by or against any partner or affiliate of this debtor?** | ■ No | |
| | ☐ Yes.  Debtor | Relationship |
| | District _____ Date filed _____ MM / DD / YYYY | Case number, if known |
| | Debtor | Relationship |
| | District _____ Date filed _____ MM / DD / YYYY | Case number, if known |

---

**Report About the Case**

**10.  Venue**          *Check one:*

■ Over the last 180 days before the filing of this bankruptcy, the debtor had a domicile, principal place of business, or principal assets in this district longer than in any other district.

☐ A bankruptcy case concerning debtor's affiliates, general partner, or partnership is pending in this district.

---

**11.  Allegations**

Each petitioner is eligible to file this petition under 11 U.S.C. § 303(b).

The debtor may be the subject of an involuntary case under 11 U.S.C. § 303(a).

*At least one box must be checked:*

■ The debtor is generally not paying its debts as they become due, unless they are in the subject of a bona fide dispute as to liability or amount.

☐ Within 120 days before the filing of this petition, a custodian, other than a trustee, receiver, or agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed or took possession.

---

| | |
|---|---|
| **12.  Has there been a transfer of any claim against the debtor by or to any petitioner?** | ■ No |
| | ☐ Yes. Attach all documents that evidence the transfer and any statements required under Bankruptcy Rule 1003(a). |

---

**13.  Each petitioner's claim**

| Name of petitioner | Nature of petitioner's claim | Amount of the claim above the value of any lien |
|---|---|---|
| **250 E. 87 Owners Corp.** | **Commercial rent arrears** | $**655,883.65** |
| | | $ |
| | | $ |
| | Total of petitioners' claims | $**655,883.65** |

If more space is needed to list petitioners, attach additional sheets. Write the alleged debtor's name and the case number, if known, at top of each sheet. Following the format of this form, set out the information required in Parts 3 and 4 of the form for each statement under penalty of perjury set out in Part 4 of the form, followed by each additional petitioner's (or representative's) signature, along with the signature of the petitioner's attorney.

---

**Request for Relief**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

Petitioners request that an order for relief be entered against the debtor under the chapter of 11 U.S.C. specified in this petition. If a petitioning creditor is a corporation, attach the corporate ownership statement required by Bankruptcy Rule 1010(b). If any petitioner is a foreign representative appointed in a foreign proceeding, attach a certified copy of the order of the court granting recognition.

---

| Debtor | **Newbury Operating LLC** | Case number _(if known)_ |

I have examined the information in this document and have a reasonable belief that the information is true and correct.

| Petitioners or Petitioners' Representative | Attorneys |

**Name and mailing address of petitioner**
**250 E. 87 Owners Corp.**
Name

**c/o Charles H. Greenthal Mgmt Corp.**
**551 Fifth Avenue, Ste 500**
Number        Street
**New York NY 10176-5000**
City                              State          Zip Code

**Name and mailing address of petitioner's representative, if any**

**Peter Pretsfelder**
**Assistant Secretary**
Name

**c/o Charles H. Greenthal Mgmt Corp.**
**551 Fifth Avenue, Ste 500**
Number        Street
**New York NY 10176-5000**
City                              State          Zip Code

I declare under penalty of perjury that the foregoing is true and correct.
Executed on
        **12/28/2020**
        MM / DD / YYYY

**/s/ Peter Pretsfelder, Assistant Secretary**
Signature of petitioner or representative, including representative's title

**Sanford P. Rosen**
Printed name

**Rosen & Associates, P.C.**
Firm name, if any
**747 Third Avenue**
Number        Street
**New York NY 10017-2803**
City                              State          Zip Code

Contact phone        **(212) 223-1100**        Email    **srosen@rosenpc.com**

Bar number    **1411834**

State        **NY**

**/s/ Sanford P. Rosen**
Signature of attorney
Date signed    **12/28/2020**
                      MM / DD / YYYY